[Hamilton Circuit Court, February, 1893.]

REUHL V. SPERRY & MASSET.

FAILURE OF BILL OF EXCEPTIONS TO CONTAIN ALL THE EVIDENCE.

A reviewing court will be warranted in reversing the judgment of the lower court when the bill of exceptions fails to contain all the evidence and when it appears that the verdict, so far as the amount of the judgment is con-cerned, is not supported by the evidence appearing in such bill of exceptions.

ERROR.

SMITH, J.

The only question in this case is, whether the court of common pleas erred in refusing to grant a new trial based on the ground that the ver-dict was not supported by the evidence.

The controversy in the case was as to the amount of excavation done by the plaintiff below for the defendant in making additional excavation in a cellar, and building a wall therefor. Reuhl had contracted with Weiber & Lieman to build a house for him, the cellar of which was to be seven feet deep, and to be walled in a certain way by the contractors. Reuhl, however, was to have the option of having the cellar go deeper if necessary, in which event he was to pay a certain sum per yard for the additional excavation, and a certain sum per perch for the additional wall. It was found necessary to go deeper than seven feet, and this re-quired additional wall, and the claim is that Reuhl agreed directly with Sperry & Masset to do this at the agreed price, and they did so. They differed as to the quantity of this additional excavation and stone work, and Reuhl, having paid what he admitted to be due therefor, Sperry & Masset sued for the additional sum they claimed to be due.

To maintain their case, the plaintiffs offered evidence tending to show that after the completion of the work, that by a measurement made by them from the curb on the street in front of the lot on which the house was built, the depth of the excavation below that point was a given dis-tance, and that on this basis the excavation was so much below the depth of seven feet, originally provided for, and consequently that so much ad-ditional wall was built. The measurements made by the defendant from the surface of the ground to what was claimed to be the bottom of the wall, should make less excavation and wall. The jury adopted the meas-urement of the plaintiffs, and returned a verdict accordingly.

As suggested by us at the argument of the case, we have not, though aided by counsel, been able to find anything in the bill of exceptions (which contains all of the evidence), which tends to show the relative position of the curb with the surface of the ground on which the excava-tion was made, or anything whatever to show that it should be taken as a point from which the measurement should be made to ascertain the amount of the extra excavation or wall, or that it had anything to do with it. For all that appears, the surface of the lot there may have been sev-eral feet below this curb. There was then no evidence to support the verdict so far as the amount of it was concerned, and the motion for a new trial should have been granted. For the error in refusing it the judg-ment must be reversed.

*J. H. Chas. Smith,* for Plaintiff in Error.
*Gray & Tischbein, contra.*